IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| KECIA HENDRIX, | § | |
|    Plaintiff, | § | |
| | § | |
| v. | § | No. 3:20-cv-00437-N (BT) |
| | § | |
| IQOR INC, et al., | § | |
|    Defendants. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

*Pro se* plaintiff Kecia Hendrix brings this civil action for employment discrimination and retaliation against her former employers, Iqor Inc., Southwestern Bell Telephone Company, and AT&T Inc. *See* Compl. (ECF No. 3). On September 29, 2020, the Court stayed the case as to defendant Iqor pursuant to section 362(a) of the Bankruptcy Code. Ord. (ECF No. 11). Now, for the following reasons, the Court recommends dismissing Hendrix's claims against defendants Southwestern Bell and AT&T.

**Background**

Hendrix, an African-American woman, worked for Southwestern Bell and AT&T from September 11, 2000 until around November 2011. Compl. 3. Hendrix alleges in her Complaint that she was "falsely" terminated from her job with Southwestern Bell and AT&T because of racial discrimination. *Id*. 3-4. Accordingly, she filed a lawsuit in the Eastern District of Texas seeking $30,000,000.00 in

1

damages from Southwestern Bell and AT&T. *Id.* 4. The Eastern District of Texas dismissed her lawsuit sometime around March 2015. *Id.* 8.

Before her lawsuit was dismissed, Hendrix took a job with Iqor working at a call center in Richardson, Texas. *Id.* 5. During her term of employment at Iqor, Hendrix observed offensive and racist behavior by her coworkers. *Id.* She alleges that Iqor's president told employees to "wipe off the chicken grease from their computers," and he allowed managers to display pictures of monkeys on their computer screens. *Id.* 5-6. Hendrix also alleges that Iqor discriminated against African-American employees by paying them less than white employees, refusing to overlook their mistakes, and terminating them more often that white employees. *Id.* 6. Hendrix alleges that AT&T acquired DIRECT TV, and Iqor employees began working on matters for AT&T. *Id.* 7. Hendrix further alleges that AT&T and Southwestern Bell informed Iqor about the lawsuit she filed in the Eastern District of Texas, and that Iqor terminated her—on June 14, 2015—in retaliation for bringing the lawsuit against AT&T and Southwestern Bell. *Id.* 4, 9.

On February 21, 2020, Hendrix filed this lawsuit against Iqor, Southwestern Bell, and AT&T alleging claims for discrimination and retaliation in violation of Chapter 21 of the Texas Labor Code. *Id.* 10-12. Hendrix also filed a civil cover sheet in which she characterizes her claims as arising under "Title VII of the Civil Rights Act of 1964 and Section 1981." *Id.* 22. By her lawsuit, she seeks $45,000,000.00 in damages. *Id.*

On March 4, 2020, the Court granted Hendrix leave to proceed *in forma pauperis*, but withheld issuance of process pending judicial screening. Ord. (ECF No. 7). The Court now determines Hendrix's claims against Southwestern Bell and AT&T are frivolous and must be dismissed.

## Preliminary Matters

Federal courts are courts of limited jurisdiction; "[t]hey possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (Scalia, J.) (internal citations omitted). The court "must presume that a suit lies outside [its] limited jurisdiction, and the burden of establishing federal jurisdiction rests on the party seeking the federal forum." *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001) (citations omitted). Unless otherwise provided by statute, federal jurisdiction requires (1) a federal question arising under the Constitution, a federal law, or a treaty, 28 U.S.C. § 1331, or (2) complete diversity of citizenship between adverse parties, and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332. "The plaintiff constantly bears the burden of proof that jurisdiction does in fact exist." *Rodriguez v. Texas Com'n of Arts*, 992 F. Supp. 876, 879 (N.D. Tex. 1998) (citation omitted).

In her complaint, Hendrix alleges that she was subjected to disparate treatment due to her race in violation of Section 21.051 of the Texas Labor Code. Compl. 10. She also alleges that Defendants retaliated against her, purportedly in violation of Chapter 21 of the Texas Labor Code. *Id.* 11-12. However, in her civil

3

cover sheet, Hendrix indicates that the basis of jurisdiction for her case is "federal question." Compl. 22. She also characterizes her claims as arising under Title VII of the Civil Rights Act of 1964 and Section 1981. *Id.* Because the Court must liberally construe pleadings filed by *pro se* litigants, *see Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam), the Court construes her civil cover sheet as part of her complaint and finds that she has asserted a federal question sufficient to invoke the Court's jurisdiction.

## Legal Standards and Analysis

Under 28 U.S.C. § 1915(e), a district court may summarily dismiss a complaint filed *in forma pauperis* if it concludes the action is: (1) frivolous or malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). A court may also dismiss a complaint filed *in forma pauperis* at the preliminary screening stage if it is "clear" that the claims asserted are barred by limitations. *See Gartrell v. Gaylor*, 981 F.2d 254, 256 (5th Cir. 1993).

To the extent Hendrix alleges Southwestern Bell and AT&T discriminated or retaliated against her in violation of Title VII or 42 U.S.C. § 1981, her claims are clearly time-barred. Under Title VII, a plaintiff must file a charge of discrimination with the EEOC within 180 days after the alleged unlawful employment practice occurred or, if the plaintiff initially instituted proceedings with a State or local agency, within 300 days after the alleged unlawful employment practice occurred or 30 days after receiving notice that the State or local agency has terminated the

proceedings, whichever is earlier. 42 U.S.C. § 2000e-5(e)(1). And a plaintiff must file suit in federal court within 90 days after being notified of her right to sue by the EEOC. 42 U.S.C. § 2000e-5(f)(1). A two-year limitations period applies to Hendrix's § 1981 claims. *Price v. Digital Equip. Corp.*, 846 F.2d 1026, 1028 (5th Cir. 1988).

Here, Hendrix alleges that she was "falsely terminated" from her job with Southwestern Bell and AT&T in November 2011. *See* Compl. 3. She also alleges that she "exhausted all her administrative duties and then filed a lawsuit in federal court."[1] *Id.* 4. Specifically, Hendrix states, "[t]he lawsuit had been going on since October 31, 2013 to March 24, 2015." *Id.* 6. But Hendrix did not file this lawsuit until February 21, 2020—almost eight years after her claims accrued.

Further, to the extent Hendrix's claims against Southwestern Bell and AT&T can be construed as claims for tortious interference with her employment with Iqor, those claims also are governed by a two-year statute of limitations. *See, e.g., First Nat'l Bank v. Levine*, 721 S.W.2d 287, 289 (Tex. 1986) (Texas law provides that a claim for tortious inference with business relations is governed by a two-year statute of limitations). Hendrix does not allege any conduct by Southwestern Bell and AT&T after 2015, but she still waited almost five years to file this lawsuit. Hendrix's claims against Southwestern Bell and AT&T are thus time-barred and should be dismissed.

---

[1] In her civil cover sheet, Hendrix identifies that lawsuit by the case number assigned in the Eastern District of Texas, 4:12-CV-00685, and by the presiding judge, Judge Richard Schell. Compl. 22.

Additionally, Hendrix's complaint establishes that any claims Southwestern Bell and AT&T discriminated or retaliated against Hendrix are barred by res judicata. When a successful affirmative defense appears on the face of the pleadings, dismissal for failure to state a claim is appropriate. *Kansa Reinsurance Co., Ltd. v. Congressional Mortgage Corp. of Texas*, 20 F.3d 1362, 1366 (5th Cir. 1994).

The rule of res judicata, or claim preclusion, "bars the litigation of claims that either have been litigated or should have been raised in an earlier suit." *Test Masters Educational Services, Inc. v. Singh*, 428 F.3d 559, 571 (5th Cir. 2005). In the Fifth Circuit, res judicata is appropriate if four conditions are met: (1) the parties in the subsequent action are identical to, or in privity with, the parties in the prior action; (2) the judgment in the prior case was rendered by a court of competent jurisdiction; (3) there has been a final judgment on the merits; and (4) the same claim or cause of action is involved in both suits. *Id.; see also Ellis v. Amex Life Insurance Co.*, 211 F.3d 935, 937 (5th Cir. 2000). The Fifth Circuit applies the transactional test to determine "whether two suits involve the same claim or cause of action." *United States v. Davenport*, 484 F.3d 321, 326 (5th Cir. 2007) (citing *Petro-Hunt, L.L.C. v. United States*, 365 F.3d 385, 395 (5th Cir. 2004)). This test examines whether "the two cases under consideration are based on 'the same nucleus of operative facts,' . . . rather than the type of relief requested, substantive theories advanced, or types of rights asserted." *Id.* (citing *In re Southmark Corp.*, 163 F.3d 925, 934 (5th Cir. 1999)); *Agrilectric Power Partners,*

6

*Ltd. v. Gen. Elec. Co.*, 20 F.3d 663, 665 (5th Cir. 1994)); *accord Houston Pro. Towing Ass'n v. City of Houston*, 812 F.3d 443, 447 (5th Cir. 2016). Courts are to consider pragmatically which facts constitute a "transaction" or "series," "giving weight to . . . whether the facts are related in time, space, origin, or motivation, whether they form a convenient trial unit, and whether their treatment as a unit conforms to the parties' expectations or business understanding or usage." *Houston Pro. Towing Ass'n*, 812 F.3d at 447 (quoting *Petro-Hunt, L.L.C.*, 365 F.3d at 396). "If the cases are based on the same nucleus of operative facts, the prior judgment's preclusive effect 'extends to all rights the original plaintiff had with respect to all or any part of the transaction, or series of connected transactions, out of which the [original] action arose." *Davenport*, 484 F.3d at 326 (internal quotation marks omitted) (citing *Petro-Hunt, L.L.C.*, 365 F.3d at 395). All four conditions are met here.

      As alleged in her Complaint, this is the second lawsuit Hendrix filed against Southwestern Bell and AT&T. The first case, *Hendrix v. Southwestern Bell Telephone, L.P., d/b/a AT&T*, 4:12-CV-00685 (E.D. Tex. 2012), was dismissed with prejudice on March 24, 2015 by a court of competent jurisdiction—the federal district court in the Sherman Division of the Eastern District of Texas.[2] In that action, Hendrix alleged that her employer, defendant Southwestern Bell Telephone, L.P., d/b/a AT&T, discriminated and retaliated against her in violation

---

[2] The Court also ordered Hendrix to pay Southwestern Bell $3,152.50 for violating the court's discovery orders and failing to participate in discovery and warned her that it would consider a pre-filing injunction should she continue to file meritless pleadings.

7

of Section 21.051 et seq. of the Texas Labor Code. Those are the same claims Hendrix asserts here. Res judicata therefore bars Hendrix's claims against Southwestern Bell Telephone Company and AT&T in this lawsuit.

## Conclusion

The Court should DISMISS Hendrix's claims against Defendants Southwestern Bell Telephone Company and AT&T Inc.[3]

**SO RECOMMENDED**.

October 27, 2020.

                                              REBECCA RUTHERFORD
                                              UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

---

[3] The claims again Defendant Iqor Inc. remain pending. As noted, this lawsuit is stayed with respect to Defendant Iqor Inc.