IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| KECIA HENDRIX,<br><br> Plaintiff,<br><br>v.<br><br>IQOR, INC., et al.,<br><br> Defendants. | No. 3:20-cv-00437-N-BT |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Before the Court is *pro se* Plaintiff Kecia Hendrix's "Motion for New Trial," requesting "a new trial for the reason that the verdict is contrary to the law and evidence and pursuant to rule 60(a)(b)(1)(4)(5)(11)." Mot. (ECF No. 25). For the reasons stated, Plaintiff's motion should be DENIED.

On November 19, 2020, Judge Godbey entered an order accepting the undersigned's recommendation that Plaintiff's claims against Southwestern Bell Telephone Company and AT&T, Inc. be dismissed and a judgment effectuating that dismissal. Order Accepting (ECF No. 21); J. (ECF No. 22). On December 22, 2020, Plaintiff filed her motion for a new trial, which the Court construes as a motion for relief from the November 19, 2020 judgment. Because Plaintiff filed her motion on December 22, 2020, more than 28 days after the Court's November 19, 2020 judgment, it is properly considered under Rule 60(b) rather than Rule 59(e). *See* Fed. R. Civ. P. 59(e) ("A motion to alter or amend a judgment must be filed no later

1

than 28 days after the entry of the judgment."); *Demahy v. Schwarz Pharma, Inc.*, 702 F.3d 177, 182 n.2 (5th Cir. 2012) (per curiam) ("A motion asking the court to reconsider a prior ruling is evaluated either as a motion to 'alter or amend a judgment' under Rule 59(e) or as a motion for 'relief from a final judgment, order, or proceeding' under Rule 60(b). . . . If the motion was filed within twenty-eight days after the entry of the judgment, the motion is treated as though it was filed under Rule 59, and if it was filed outside of that time, it is analyzed under Rule 60." (internal citations omitted)).

Rule 60(b) provides for relief from a final judgment and states that:

> On motion and just terms, the court may relieve a party . . . from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). But "relief under Rule 60(b) is considered an extraordinary remedy," and "the desire for a judicial process that is predictable mandates caution against reopening judgments." *Carter v. Fenner*, 136 F.3d 1000, 1007 (5th Cir. 1998) (citations omitted). "The burden of establishing at least one of the Rule 60(b) requirements is on the movant, and a determination of whether that burden has been met rests within the discretion of the court." *Williams v. Sake Hibachi Sushi*

*& Bar, Inc.*, 2020 WL 1862559, at *2 (N.D. Tex. Apr. 14, 2020) (Fitzwater, J.) (citing *Lavespere v. Niagara Mach. & Tool Works, Inc.*, 910 F.2d 167, 173 (5th Cir. 1990), *abrogated on other grounds by Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 n.14 (5th Cir. 1994) (en banc) (per curiam)).

In her motion, Plaintiff argues she is entitled to relief because the "Judge have [sic] mistakenly construed Plaintiffs [sic] claims as time barred, which is false," and that "[i]t appears that Plaintiff made mistakes in explaining her claims that were not clear." Mot. Thus, Plaintiff appears to seek relief under Rule 60(b)(1), which provides that a "court may relieve a party . . . from a final judgment . . . for . . . mistake, inadvertence, surprise, or excusable neglect." Fed. R. Civ. P. 60(b)(1). To the extent Plaintiff contends the Court erred in finding her claims time barred, in the Fifth Circuit, "Rule 60(b)(1) 'may be invoked for the correction of judicial error, but only to rectify an obvious error of law, apparent on the record. Thus, it may be employed when the judgment obviously conflicts with a clear statutory mandate or when the judicial error involves a fundamental misconception of the law.'" *McCollum v. Davis*, 2019 WL 7461693, at *3 (N.D. Tex. Oct. 8, 2019), *adopted by* 2020 WL 42352 (N.D. Tex. Jan. 3, 2020) (quoting *Hill v. McDermott, Inc.*, 827 F.2d 1040, 1043 (5th Cir. 1987)). Here, Plaintiff has not identified any clear statutory mandate or other precedent indicating her claims were timely. Thus, Plaintiff has not met her burden to establish she is entitled to relief under Rule 60(b)(1) due to a mistake on the Court's part.

Further, to the extent Plaintiff contends she is entitled to relief under Rule 60(b)(1) because of her own "mistakes in explaining her claims," she also fails to meet her burden. "Implicit in the fact that Rule 60(b)(1) affords extraordinary relief is the requirement that the movant make a sufficient showing of unusual or unique circumstances justifying such relief." *Pryor v. U.S. Postal Serv.*, 769 F.2d 281, 286 (5th Cir. 1985) (citations omitted). "Gross carelessness, ignorance of the rules, or ignorance of the law are insufficient bases for 60(b)(1) relief." *Edward H. Bohlin Co. v. Banning Co.*, 6 F.3d 350, 357 (5th Cir. 1993) (citing *Pryor*, 769 F.2d at 287). "Even pro se litigants must comply with procedural rules, and ignorance of the law is not a basis for Rule 60(b)(1) relief." *Vafaiyan v. City of Wichita Falls*, 398 F. App'x 989, 990 (5th Cir. 2010) (per curiam) (citing *Birl v. Estelle*, 660 F.2d 592, 593 (5th Cir. Nov. 1981) (per curiam)). Here, Plaintiff has not made a sufficient showing of unusual or unique circumstances entitling her to relief from the Court's November 19, 2020 judgment—she only contends that she made mistakes in explaining her claims but does not enumerate any particular mistake. Accordingly, Plaintiff has not met her burden under Rule 60(b)(1) to establish she is entitled to relief because of a mistake that she made.

Further, when ruling on a Rule 60(b) motion, courts should consider:

> (1) that final judgments should not lightly be disturbed; (2) that the Rule 60(b) motion is not to be used as a substitute for appeal; (3) that the rule should be liberally construed in order to achieve substantial justice; (4) whether the motion was made within a reasonable time; (5) whether if the judgment was a default or a dismissal in which there was no consideration of the merits the

4

> interest in deciding cases on the merits outweighs, in the particular case, the interest in the finality of judgments, and there is merit in the movant's claim or defense; (6) whether if the judgment was rendered after a trial on the merits the movant had a fair opportunity to present his claim or defense; (7) whether there are intervening equities that would make it inequitable to grant relief; and (8) any other factors relevant to the justice of the judgment under attack.

*Seven Elves, Inc. v. Eskenazi*, 635 F.2d 396, 402 (5th Cir. Unit A Jan. 1981) (citing *United States v. Gould*, 301 F.2d 353, 355-56 (5th Cir. 1962)). Plaintiff challenges the November 19, 2020 judgment by objecting to the Court's finding that her claims are time barred. *See* mot. However, in its October 27, 2020 findings, conclusions, and recommendation, the Court also found that "[r]es judicata . . . bars Hendrix's claims against Southwestern Bell Telephone Company and AT&T in this lawsuit." FCR 8 (ECF No. 12). Thus, even if Plaintiff's claims were not time barred, the Court still properly dismissed Plaintiff's claims against Southwestern Bell and AT&T because they have already been dismissed with prejudice on March 24, 2015, by a court of competent jurisdiction. *Id.* 7-8 (citing *Hendrix v. Southwestern Bell Telephone, L.P., d/b/a AT&T*, 4:12-CV-00685 (E.D. Tex. 2012)). Accordingly, in light of this "other factor[ ] relevant to the justice of the judgment under attack," the Court finds that Plaintiff's motion should also be denied.

## **RECOMMENDATION**

For the foregoing reasons, the Court recommends that Plaintiff's "Motion for New Trial," (ECF No. 25), be DENIED.

**SO RECOMMENDED.**

December 29, 2020.

_____
REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).